UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGEL RIOS-ROSA, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No. 4:23-CV-1710 HEA |
| DEPARTMENT OF HEALTH, et al., | ) ) ) |
|     Defendants. | ) ) |

**OPINION. MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Angel David Rios-Rosa to proceed in the district court without prepaying fees or costs. For the following reasons, the motion will be denied, and this action will be dismissed.

**The Prison Litigation Reform Act, 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike

even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

A review of this Court's files and the files of the District Court for the Western District of Missouri shows that plaintiff has previously brought at least four civil actions that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Rios-Rosa v. Armstrong*, No. 1:23-cv-118-SNLJ (E.D. Mo. Sept. 11, 2023); *Rios-Rosa v. Breisacher, et al.*; No. 5:23-cv-6072-HFS23 (W.D. Mo. Aug. 31, 2023); *Rios-Rosa v. SECC Financial Office Members*, No. 1:23-cv-24-MTS (E.D. Mo. Mar. 7, 2023); and *Rios-Rosa v. Limbaugh, et al.*, No. 1:23-cv-2-MTS (E.D. Mo. Feb. 28, 2023).[1] Additionally, on August 28, 2023, the Western District of Missouri found plaintiff to be a "three-striker" in *Rios-Rosa v. Financial Office of JCC, et al.*, 5:23-cv-6094-HFS (W.D. Mo. Aug. 28, 2023). Therefore, the Court cannot permit plaintiff to proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Although unclear, plaintiff's complaint seems to allege that defendants the Department of Health and the Department of Corrections violated his constitutional rights by "approving a new bill for inmate[s] of same genders getting merry inside the Department of Corrections." He alleges that he is a "legal advocate for LGBTG [i]n the State of Missouri," and he would like to prevent sexually transmitted diseases (STDs) inside prisons in Missouri. Plaintiff seeks to have defendants supply inmates with condoms, and he asks for 168 million dollars in damages.

Plaintiff has not alleged that he is in imminent danger of serious physical injury, and the Court is unable to find any danger of injury arising out of his allegations. Thus, he has failed to

---

[1] *See also Rios-Rosa v. Reed,* No. 1:23-CV-85 SNLJ (E.D.Mo. July 14, 2023) and *Rios-Rosa v. Christenson*, No. 1:22-CV-145 SNLJ (E.D.Mo. Nov. 4, 2022).

demonstrate that the exception to the three-strikes provision in § 1915(g) applies. Therefore, the Court will deny plaintiff's application to proceed in the district court without prepayment of filing fees and costs and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **DENIED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(g), this action is **DISMISSED without prejudice** to plaintiff refiling a fully-paid complaint

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE